UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ BAILEY,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Criminal Case Number 18-20084
Civil Case Number 20-10549
Honorable David M. Lawson

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE
AND MOTION TO ORDER SENTENCES TO RUN CONCURRENTLY**

Petitioner Martez Bailey pleaded guilty to assault and attempted murder in aid of racketeering and discharging a firearm during a crime of violence after he and codefendant Khalil Wilson drove by and shot at the house of a rival gang member. A woman in the house suffered a gunshot wound. Baily was sentenced to 153 months on the racketeering convictions plus another consecutive ten-year term for the firearm offense. He did not appeal his convictions or sentence.

Bailey now moves to set aside his sentence and conviction, arguing that his trial lawyer was constitutionally ineffective because he did not explain the charges to him and failed to raise certain legal arguments. However, the record shows that Bailey received a full explanation of the charges and accompanying penalties, and the issues he wanted his lawyer to raise were meritless. Bailey's rights were not abridged; therefore, his motion to vacate his sentence will be denied.

I.

Bailey was charged in a five-count superseding indictment with attempted murder in aid of racketeering (count 1), assault with a dangerous weapon in aid of racketeering (counts 2 and 3), discharging a firearm in furtherance of a crime of violence (count 4), and conspiracy to tamper with a witness (count 5). The charges arose from the defendant's membership in the "Band Gang."

The Band Gang was formed in 2013 through the merger of four other local Detroit street gangs. At the height of its influence, the Band Gang operated throughout a substantial swath of territory on the west side of Detroit.

At his guilty plea hearing, Bailey admitted the following facts. He was a member of Band Gang. One of the gang's principal activities was trafficking in stolen credit cards, which involved interstate commerce. On June 22, 2016, Bailey and co-defendant Wilson shot at Courtney Shields, who was a member of a rival gang. Bailey shot at Shields because he wanted to help Wilson, who was his friend, to retaliate against Shields for shooting up Wilson's mother's home. When the defendant fired at Shields, he intended for his bullets to "take effect" and "to hit him." Plea Hrg. Tr., ECF No. 93, PageID.531.

Bailey pleaded guilty to counts 1, 3, and 4 of the superseding indictment under an agreement in which the government agreed to dismiss the remaining charges. On March 11, 2019, Bailey was sentenced to concurrent prison terms of 120 months on count 1 and 156 months on count 3. He also received a consecutive 120-month prison sentence on count 4, the firearm count. Bailey did not appeal.

On March 2, 2020, he filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. The government has filed a response opposing the motion on the merits. The defendant did not file a reply.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). And he "must allege either: '(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). But a claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). And a claim of ineffective assistance of counsel is properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)).

Bailey argues that his trial counsel was ineffective in several respects: (1) by failing adequately to explain the elements of the crimes charged and the terms of the appeal waiver in the Rule 11 plea agreement, (2) by failing to challenge the government's proof that the defendant had the requisite "advance knowledge" of the substantive crime sufficient to hold him liable for aiding and abetting, as mandated by the holding of *Rosemond v. United States*, 572 U.S. 65 (2014), and (3) by failing to object to the application of a two-point enhancement to the offense level for serious bodily injury to a victim.

An ineffective assistance of counsel claim is not easy to prove. A defendant must show that his attorney's performance was deficient, and that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance meets the first element when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. Bailey must show here "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair [proceeding] . . . whose result is reliable." *Strickland,* 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In a federal habeas proceeding, that is, when adjudicating a motion under 28 U.S.C. § 2255 calling on the Court to weigh a claim of ineffective assistance, "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief" on his claim. *Martin*

*v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quotations omitted). "Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims," but "[a] petitioner's mere assertion of his innocence, without more, does not entitle him to an evidentiary hearing." *Ibid.* And where the record presents "considerable doubt" about the interactions of a petitioner and his attorney, the Court should conduct an evidentiary hearing to bring clarity to the proceedings. *See Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). But where, as here, the existing record demonstrates no significant factual dispute, that the claims of ineffective assistance are unsupported, or that the petitioner has not met the applicable standard, no hearing is required. *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014). The record adequately answers the factual questions raised in Bailey's three arguments.

A. Failure to Explain

The defendant argues that his trial counsel was ineffective by failing to challenge the "advance knowledge" element of the firearm crime (discussed more below) and by failing adequately to explain the elements of the offenses and how the government's evidence would prove them, as well as by failing to explain the terms of the appeal waiver embodied in the plea agreement.

Generally, defense counsel has a duty to communicate to his client formal plea offers, advise him of the charges, and discuss the terms of tendered plea agreements. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012). In this case, however, even if trial counsel came up short with that advice, Baily cannot demonstrate prejudice from any lack of information because all the elements of the charges were explained by the Court on the record, and the defendant admitted that he understood them. Plea Hrg. Tr. at PageID.519-21. The Court also required counsel for the government to recite all the substantive terms of the Rule 11 plea agreement. In addition the Court

engaged in a specific discussion about the appeal waiver. *Id.* at PageID.505-511, 513-14. The defendant stated that he understood all of the terms of the Rule 11 agreement. His claim that the terms were not adequately explained to him is rebutted by the undisputed record of the plea colloquy.

The defendant has put forth no evidence credibly calling into question the veracity of his statements on the record at the plea hearing. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Because he cannot show prejudice, his ineffective assistance of counsel claim on this ground fails.

B. *Rosemond* Argument

Bailey argues that his convictions for attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering are constitutionally defective because the government failed to show that he had "advance knowledge" that an accomplice in the attack intended to bring a gun. He cites *Rosemond v. United States*, 572 U.S. 65 (2014), where the Supreme Court held that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun. In such a case, the accomplice has decided to join in the criminal venture, and share in its benefits, with full awareness of its scope — that the plan calls not just for a drug sale, but for an armed one," *id.* at 77-78.

The holding in that case does not apply here because *Rosemond* involved the burden of proof for conviction of an accomplice who was not himself armed. In this case, Bailey admitted

at the plea hearing that he himself went armed to an encounter with a rival gang member, that he intentionally fired at a person who he knew had shot up the home of the mother of his fellow Band Gang member Khalil Wilson, and that when he fired, he intended the rounds to "take effect" and injure someone. Plea Hrg. Tr., ECF No. 93, PageID.528-31. Those facts plainly demonstrate the petitioner's intent to commit the violent crimes for which he was convicted. *Rosemond* does not provide Bailey any basis to question the factual basis of his guilty plea.

It follows, then, that any objection to the absence of proof of "advance knowledge" would have been frivolous based on the facts adduced at the plea hearing. Bailey's criticism of his attorney for failing to challenge the government's proofs or to argue that he did not have sufficient knowledge to hold him responsible as an accomplice falls flat. There is no defective performance when counsel does not file a meritless motion or raise a groundless argument. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles*, 556 U.S. at 123 (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

C. Bodily Injury Enhancement

Finally, Bailey argues that his lawyer should have objected to the application of a two-point offense level enhancement for the causing of serious bodily injury, which was improper because U.S.S.G. § 2K2.4 application note 4 prohibits "double counting" of enhancements for the same offense conduct, in this case both the assault and murder crimes and the use of a firearm during those crimes.

"It is well established that impermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Gilmore*, 761 F. App'x 573, 576 (6th Cir. 2019) (citing *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999)) (cleaned up). "Nevertheless, a court may impose multiple enhancements arising from the same conduct, provided the enhancements penalize distinct aspects of a defendant's conduct and distinct harms." *Ibid.* (citing *United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015); *United States v. Smith*, 516 F.3d 473, 476 (6th Cir. 2008)).

That is what happened here. The Sixth Circuit repeatedly has upheld the use of a bodily-injury-resulting enhancement, as was applied here under guideline section 2A2.1, where the defendant caused injury by firing a weapon and also was convicted under section 924(c) of using a firearm during the crime, because the "use" of the firearm during a crime and the causing of injury constitute distinct harms. *E.g.*, *United States v. Mays*, 285 F. App'x 269, 273 (6th Cir. 2008) ("[A] four-level specific offense characteristic increase is warranted where the victim of the attempted murder sustained permanent or life-threatening bodily injury. § 2A2.1(b)(1)(A)."); *United States v. Helton*, 32 F. App'x 707, 715-16 (6th Cir. 2002) (upholding injury enhancement and remanding for application of four points for "permanent" injury rather than three points for "serious" injury); *see also United States v. Mays*, 967 F.3d 748, 753 (8th Cir. 2020) ("The stated purpose of [2K2.4] Application Note 4 is to avoid duplicative punishment, known as double counting in the Guidelines universe. A court impermissibly double counts when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways. The Commission in Application Note 4 logically concluded that double counting occurs when a guidelines enhancement for possession, brandishing, use, or discharge of an explosive or firearm is imposed for an underlying offense when the total sentence will include consecutive punishment for a §

924(c) firearm offense. . . . Mays's argument is contrary to the plain meaning of Application Note 4 because § 2B3.1(b)(3) is not a specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm. It is the additional harm of victim injury resulting from the robbery, however caused, that is addressed by this enhancement.") (cleaned up).

There was no error in the application of the two-point injury enhancement in this case, and counsel was not ineffective by failing to raise an objection to that scoring.

III.

Before his 2255 motion was filed, Bailey filed a motion asking the Court to issue an order "*nunc pro tunc*" stating that "his sentences are concurrent." He cited no legal grounds for that relief, and the judgment speaks for itself on that point. However, his letter-motion suggests that he believes the Bureau of Prisons (BOP) has miscalculated the time to be served for the sentences imposed.

Any such claim that the BOP has failed to compute credit for time served on other sentences is not properly before the Court, because such computations are committed in the first instance to the Attorney General, not the Court. "The Supreme Court has held that the Attorney General, through the Bureau of Prisons, and not the district court, is authorized to grant a defendant credit for time served prior to sentencing under 18 U.S.C. § 3585." *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). "Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." *Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) (citing *Wilson*, 503 U.S. at 335; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). Where it is not shown that a federal prisoner has exhausted administrative challenges to the computation of his duration

of confinement and application of credits for time served, this Court has "no authority to review [his] claim for sentencing credit." *Dowell*, 16 F. App'x at 420 (citing *Wilson*, 503 U.S. at 333; *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992)).

Moreover, the judgment and commitment specifically states that Bailey's sentences for the two racketeering offenses are run concurrently. Judgment, ECF No. 63, PageID.256. The ten-year sentence for the firearm offence was ordered to be served consecutively to the other sentences because that is what the law requires. 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").

IV.

The petitioner has not established that he received constitutionally inadequate representation in this Court. His contention that the Bureau of Prisons must recalculate his sentence is not reviewable in this Court.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence (ECF No. 82) is **DENIED**.

It is further **ORDERED** that the petitioner's motion to order his sentences to run concurrently (ECF No. 70) is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date: March 20, 2023